**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BENCHMARK INSURANCE COMPANY, | |
| Plaintiff, | 3:14-cv-00326-RCJ-VPC |
| vs. | **ORDER** |
| GL CONSTRUCTION COMPANY et al., | |
| Defendants. | |

This case arises from an insurance dispute. Defendant GL Construction Company ("GL") and its owner, Defendant Gordon Lemich, were sued in state court by Defendants Cerberus Holdings, LLC ("Cerberus") and Northern Nevada Homes, LLC ("NNH") for negligent and intentional trespass arising from GL's dumping of dirt and other debris on property owned by NNH ("the *Cerberus* Action"). During time relevant to that case, GL held a general commercial insurance policy ("the Policy") from Plaintiff Benchmark Insurance Company ("Benchmark"). GL tendered a claim for coverage under the Policy, which Benchmark denied. Benchmark then sued Defendants for a declaratory judgment that it owed GL no coverage for Cerberus's and NNH's allegations.

The Court recently granted Benchmark's motion for summary judgment on the issue of whether it owed a duty to defend GL in the *Cerberus* Action. (ECF No. 90). This ruling came after the Court had denied GL and Lemich's motion for summary judgment on the same issue,

1

(ECF No. 36), as well as at least two subsequent motions for reconsideration, (ECF Nos. 56, 69). Now pending before the Court is a Motion for Reconsideration filed by Cerberus and NNH. (ECF No. 93).  Cerberus and NNH claim as the basis of this Motion that recently taken deposition testimony demonstrates that three separate acts of dumping or trespassing occurred on the property at issue.  Cerberus and NNH argue that even if the Policy's deemer provision precludes coverage as to the first act of dumping, which they call "cut and fill," the deemer provision does not preclude coverage on a "stockpiling" of dirt that occurred in 2011-2013, or a third instance of trespass that occurred in 2009. (Mot. for Recon. 4–8, ECF No. 93).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court finds that reconsideration is not warranted here.  Cerberus and NNH's Motion is brought under a theory of newly discovered evidence in the form of the deposition testimony cited above.  Evidence, however, is not considered newly discovered simply because an opposing party did not have the evidence prior to the order being challenged.  Rather, the party asserting additional evidence "must show that he failed to discover that evidence earlier although he exercised due diligence." *Moylan v. Siciliano*, 292 F.2d 704, 705 (9th Cir. 1961).  Cerberus

and NNH offer no persuasive explanation as to why they could not have obtained the depositions of Lemich, Fitzgerald, or any other party related to this case prior to the Court's April 13, 2015 order.  Indeed, the Court first ruled on the issue of Benchmark's duty to defend GL in the *Cerberus* Action back in October 2014.  There is no reason why Cerberus and NNH could not have deposed Lemich after that ruling, or even after the Court's denial of the first motion for reconsideration in January 2015, to determine whether GL's dumping was continuous or could somehow be divided into different "types" of dumping as is now alleged.  For this reason alone, reconsideration is not proper.

Furthermore, the Court finds that even if the "newly" discovered evidence were properly presented now, it would have no effect on the outcome of this case.  The deposition testimony does not convince the Court that GL's dumping should be divided into separate instances as Cerberus and NNH suggest.  The harm alleged in the *Cerberus* Action is damage caused by GL's dumping regardless of the purpose or objective of that dumping.  The Motion to Reconsider is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Cerberus and NNH's Motion for Reconsideration (ECF No. 93) is DENIED.

IT IS SO ORDERED.

Dated: June 1, 2015

_____
ROBERT C. JONES
United States District Judge

3